U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

NOV 2 0 2007

ROBERT H. SHEMWELL, CLERK
BY _____
                DEPUTY

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BEAUREGARD PARISH SCHOOL BOARD | : | DOCKET NO. 2:07 CV 1459 |
| VS. | : | JUDGE MINALDI |
| HONEYWELL INC. | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Before the court is Honeywell's Motion to Abate and Dismiss Beauregard Parish School Board's ("BPSB") Complaint, or Alternatively, Stay the Action Pending the Resolution of the Prior Related Lawsuit [doc. 7]. BSPB filed an Opposition [doc. 15]. Honeywell filed a Reply [doc. 17]. BPSB filed the new lawsuit based on events occurring between September 1, 1996 through August 31, 2006 [doc. 1], one day after the parties' Summary Judgment hearing on August 30, 2007. The factual allegations from July 11, 2005 through August 31, 2006 were not alleged in the 2005 lawsuit.

Following the August 30, 2007 Summary Judgment hearing, this court ordered the dismissal of BPSB's LUTPA claim, detrimental reliance claim, unjust enrichment claim, and request for new Trane chillers. Case 05-1388, Mem. Ruling Sept. 24, 2007 [doc. 97]. On October 19, 2007, this court also denied BPSB's Motion for Leave to File a Supplemental and Amending Complaint [doc. 91] in light of the court's Memorandum Ruling of September 24 that dismissed the plaintiff's claims [doc. 101].

Honeywell argues that because this court already adjudicated the claims in BPSB's 2007

1

complaint, the new complaint should be dismissed.  Honeywell argues that a party can only bring a second lawsuit for "claims that could not have been included in the original suit." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 452 F. Supp.2d 621, 626 (D. Md. 2006).  Moreover, Honeywell argues that BPSB cannot pursue separate lawsuits for a breach of contract claim against the same party arising out of the same contract.  *See id.*

BPSB argues that because the second lawsuit relates to claims that arose from July 11, 2005 to August 31, 2006–after the initial lawsuit was filed–the second lawsuit is permissible since BPSB has "no continuing obligation to file amendments to the complaint to stay abreast of subsequent events; plaintiff may simply bring a later suit on those later-arising claims." *Curtis v. Citibank*, 226 F.3d 133, 138 (2d Cir. 2000).  In *Curtis*, however, the court denied the plaintiffs' motion to amend before the summary judgment stage.  *Id.* at 137-38.  While the plaintiffs appealed the denial, to cover their bases, the plaintiffs filed a new lawsuit.  *Id.* at 138.  Here, this court denied the motion to amend because it had already ruled on BPSB's claims.

BPSB also relies on *Prime Management Co., Inc. v. Steinegger*, 904 F.2d 811, 816 (2d Cir. 1990) for the notion that it can file a new suit for incidents occurring between July 2005 and August 2006 because those incidents occurred after the initial complaint was filed.  In *Prime*, however, the court noted a previous judgment cannot extinguish claims that did not exist at the time of judgment and "could not have possibly been sued upon in the previous case." *Id.* at 816.  BPSB is not alleging facts that arose after the court issued a judgment, but rather BPSB is trying to add claims that it could have added in the year preceding the summary judgment hearing.

Moreover, "as part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis*, 226 F.3d at 138.  In so

2

doing, the court considers the equities, such as judicial economy and protecting parties from vexatious and expensive litigation, while retaining substantial discretion in the comprehensive management of litigation in its court. *Id.* at 139. Because BPSB alleges new claims that were ripe on August 31, 2006, one year before the court heard argument on the parties' motions for summary judgment, and because this court has already dismissed BPSB's claims, Honeywell's Motion to Abate and Dismiss BPSB's 2007 complaint is hereby granted.

Lake Charles, Louisiana, this __19__ day of __Nov__, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE