

RECEIVED
IN LAKE CHARLES, LA
MAR 11 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BEAUREGARD PARISH SCHOOL BOARD | : | DOCKET NO. 2:07 CV 1459 |
| VS. | : | JUDGE MINALDI |
| HONEYWELL INC. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a Motion for Sanctions, [doc. 21], filed by the defendant Honeywell, Inc. (hereinafter "Honeywell"). The plaintiff, Beauregard Parish School Board, (hereinafter "BPSB"), filed an Opposition [doc. 23]. Honeywell filed a Reply [doc. 25].

### FACTS

BPSB filed the 2007 lawsuit based on events occurring between September 1, 1996 through August 31, 2006, [doc. 1], one day after the parties' Summary Judgment hearing on August 30, 2007 on the 2005 lawsuit.[1] The factual allegations from July 11, 2005 through August 31, 2006 were not included in the 2005 lawsuit. In the Memorandum Ruling for the 05-cv-1388 lawsuit, this court ordered the dismissal of BPSB's LUTPA claim, detrimental reliance claim, unjust enrichment claim, and request for new Trane chillers.[2]

On October 19, 2007, this court also denied BPSB's Motion for Leave to File a Supplemental and Amending Complaint [doc. 91] in light of the September 24, 2007

---

[1] The 05-cv-1388 Memorandum Ruling (Sept. 24, 2007) [doc. 97] provides the factual background for the 2005 lawsuit.

[2] 05-cv-1388 [doc. 97].

1

Memorandum Ruling [doc. 101] that dismissed BPSB's claims. On November 19, 2007, this court granted Honeywell's Motion to Abate and Dismiss BPSB's Complaint because BPSB's newly alleged claims were ripe on August 31, 2006 and should have been filed earlier, and because BPSB's claims were already dismissed in the September 24, 2007 Memorandum Ruling [doc. 97].[3]

## LAW

### Rule 11

Federal Rule of Civil Procedure 11(b) requires an attorney signing a pleading (i) to conduct a "reasonable inquiry" into the facts supporting the document, (ii) to make a "reasonable inquiry" into the law supporting the pleading to ensure that it "is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," and (iii) not to file the pleading "for any improper purpose, such as to harass or to cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11(b).[4]

Rule 11 warrants the imposition of sanctions when litigation is brought for an improper purpose. *See, e.g., In re Van Rhee*, 80 B.R. 844, 848 (W.D. Mich. 1987); *Pentagen Technologies Intern. Ltd. v. U.S.*, 172 F. Supp.2d 464, 473 (S.D.N.Y. 2001) (noting that Rule 11 "was designed to curb the effect of baseless litigation"). Courts assess whether a party acted in bad faith under an objectively reasonable standard. *Jenkins v. Methodist Hospital of Dallas, Inc.*, 478 F.3d 255, 264 (5th

---

[3] [doc. 19].

[4] FED. R. CIV. P. 11(c)(2) requires that the party moving for sanctions serve the opposing party pursuant to FED. R. CIV. P. 5, but wait for twenty-one (21) days before filing with the court. Honeywell alleges that it complied with this requirement and BPSB does not dispute Honeywell's compliance.

Cir. 2007) (noting that an attorney's good faith, standing alone, will not protect him or her from sanctions). "[S]anctions are to be applied only where, *at the time of the filing*, such arguments were unwarranted." *FDIC v. Calhoun*, 34 F.3d 1291, 1300 (5th Cir. 1994). Rule 11 sanctions may be imposed against either a party or an attorney. *Smith Intern., Inc. v. Texas Commerce Bank*, 844 F.2d 1193, 1197 (5th Cir. 1988). As to the type of sanction imposed under Rule 11, the trial court should use the least severe sanction that furthers Rule 11's purpose. *Jenkins*, 478 F.3d at 264.

In *Pentagen*, the trial court imposed Rule 11 sanctions because the plaintiffs forced the defendants to defend several complaints that, "beyond simply being unsuccessful, have had 'absolutely no chance of success under existing precedents.'" 172 F. Supp.2d at 473. The plaintiffs' attorney attempted to contravene previous explicit findings of past litigation without any meritorious legal arguments by filing three qui tam actions against the government. *Id.* at 470, 473. The *Pentagen* court observed that had the plaintiffs dismissed their claims at an earlier juncture, they may have avoided sanctions. *Id.* at 473.

## 28 U.S.C. § 1927

Federal law provides for sanctions when:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, the attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. This statute permits fee awards against attorneys, but does not permit fee awards against a party. *Browning v. Travelers Ins. Co.*, 931 F.2d 340, 345 (5th Cir. 1991). An award under 28 U.S.C. § 1927 requires evidence of bad faith, improper motive, or reckless disregard of the duty

owed to the court. *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002). Only when "the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under § 1927 may not shift the entire financial burden of an action's defense." *Browning*, 931 F.2d at 345.

Section 1927 is penal in nature and requires the moving party to demonstrate that every facet of the litigation was "patently meritless." *Id.* (rejecting a 28 U.S.C. § 1927 claim where the case had proceeded through discovery, summary judgment, and motions to dismiss because such a case must have had some merit to reach trial). "Unlike Rule 11's objective standard, however, section 1927 requires the additional showing of subjective bad faith." *Pentagen*, 172 F. Supp.2d at 473. Bad faith may be inferred when the attorney's actions are so without merit that they demand the conclusion they were undertaken for an improper purpose like delay. *Id.* (inferring evidence of counsel's bad faith by a pattern of litigation designed to evade previous rulings, where such litigation frustrated other courts and was "factually identical" to prior litigation by counsel's own admission).

## ANALYSIS

Honeywell argues that this court should sanction BPSB and its counsel for pursuing 07-cv-1459, which it argues is "wholly duplicative" of the 2005 lawsuit. Honeywell argues that 07-cv-1459 is merely an attempt to evade the court's Summary Judgment Ruling on 05-cv-1388, and multiplies the burden and expense of litigation for Honeywell. Honeywell therefore seeks sanctions pursuant to both FED. R. CIV. P. 11(b) and 28 U.S.C. § 1927.

BPSB argues that Honeywell did not produce key documents until July 31, 2007, which delayed BPSB's Motion to File Supplemental and Amending Petition and a new Complaint until after oral arguments for Summary Judgment in the 2005 suit. Honeywell responds to BPSB's argument

4

in its Reply Memorandum by stating that the overwhelming majority of the documents to which BPSB refers were filed in compliance with the scheduling order.

BPSB should have filed a request to continue the summary judgment hearing if new information would alter the court's judgment. Filing leave to amend a complaint the day after a summary judgment hearing on the merits of the parties' claims, when the amending information was known beforehand, is a waste of the "strained" judicial resources in the Western District of Louisiana to which BPSB refers in its Opposition.

BPSB argues that this court cannot grant sanctions simply because this court disagrees with BPSB's legal arguments presented in its Response Memorandum to Honeywell's Motion to Abate and Dismiss. To support its position, BPSB quotes *Elliott v. Tilton*, 64 F.3d 213, 215 (5th Cir. 1995) as saying, "[a] district court necessarily abuses its discretion in imposing sanctions if it bases its ruling on [a party's] erroneous view of the law or a clearly erroneous assessment of the evidence." BPSB deceptively alters the *Elliott* court's statement by adding the words "a party's" into the quotation. In considering a motion for Rule 11 sanctions, the *Elliot* court observed that a trial court abuses its discretion if it imposes sanctions based on the court's erroneous view of the law, not the party's erroneous view of the law. *Id.* at 215-16 (overturning a trial court's imposition of sanctions because the moving party failed to comply with the twenty-one (21) day "safe harbor" Rule 11 provision, which was the trial court's erroneous view of the law governing Rule 11).

In fact, a court should impose Rule 11 sanctions if a competent attorney after reasonable inquiry would not have a good faith belief in the merits of the legal argument. *Amwest Mort. Corp. v. Grady*, 925 F.2d 1162, 1164 (9th Cir. 1991); *Smith Intern., Inc.*, 844 F.2d at 1200 (finding sanctions are appropriate only when a legal theory, though erroneous, is also unreasonable). Here,

it is doubtful that a competent attorney would have had a good faith belief in the merits of the legal arguments BPSB presented. As articulated in the Memorandum Ruling granting Honeywell's Motion to Abate and Dismiss BPSB's Complaint, [doc. 19], BPSB's reliance on both *Prime Management Co., Inc. v. Steinegger* and *Curtis v. Citibank* was misplaced and unreasonable. Moreover, BPSB's complaint made no effort to limit the scope of the second lawsuit; the complaint incorporates allegations from 1996 through 2006. BPSB also failed to move to dismiss the second lawsuit after this court dismissed BPSB's LUTPA claims, among others, on substantive grounds.

Like the trial court in *Pentagen*, this court would have been more reluctant to impose sanctions had BPSB agreed to dismiss its claims after the September 24, 2007 Memorandum Ruling was issued.[5] Thus, this court finds that a competent attorney after reasonable inquiry would not have had a good faith belief that it was legally permissible to bring a second lawsuit in August 2007 for the same factual allegations underlying the first lawsuit, with the exception of claims that arose between August 2005 and August 2006, which were ripe a year prior to the filing of the second lawsuit. BPBS and its counsel is thus subject to sanctions pursuant to FED. R. CIV. P. 11(b) and shall bear Honeywell's attorneys' fees in defending 07-cv-1459. This court does not find that BPSB's conduct rose to the level of subjective bad faith required to impose sanctions under 28 U.S.C. § 1927; accordingly,

IT IS ORDERED that the Defendant's Motion for Sanctions Under Rule 11 is hereby GRANTED, and BPBS shall bear Honeywell's attorneys' fees in defending 07-cv-1459,

IT IS FURTHER ORDERED that Honeywell shall have fifteen (15) days to present

---

[5] Before filing its Motion for Sanctions, Honeywell requested in writing on several occasions that BPBS dismiss the 07-cv-1459 action. Def.'s Exs. A-G [doc. 21-6]. BPBS declined to do so at every juncture.

evidence of its attorneys' fees, and BPBS shall have ten (10) days to traverse Honeywell's evidence of fees,

IT IS FURTHER ORDERED that the Defendant's Motion for Sanctions Under 28 U.S.C. § 1927 is hereby DENIED.

Lake Charles, Louisiana, this \_\_11\_\_ day of _____, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE