U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP - 9 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| BEAUREGARD PARISH SCHOOL BOARD | : | DOCKET NO. 2:07 CV 1459 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| HONEYWELL INC. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

On March 11, 2008, this Court granted defendant Honeywell, Inc.'s (hereinafter "Honeywell") Motion for Sanctions, [doc. 21], and required Beauregard Parish School Board (hereinafter "BPSB") and its counsel to pay Honeywell's attorney's fees in defending suit 07-cv-1459. The Ruling gave Honeywell fifteen days to present evidence of its attorney's fees, and then BPSB had ten days to traverse Honeywell's evidence of fees. Both parties submitted their filings; however, before this Court could rule, BPSB appealed the award of attorney's fees. The Fifth Circuit dismissed BPSB's appeal for lack of jurisdiction, because an award of sanctions without quantum is not a final order, and is therefore not appealable.

Determining the amount of reasonable attorney's fees is a two-step process. "Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating lawyers. Then, the district court must multiply the reasonable hours by the reasonable hourly rates." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). "The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances

1

of the case." *Id.* In determining the reasonable number of hours, the fee applicant bears the burden of demonstrating the number of hours expended, and thus should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims. *Id.* (noting that the fee applicant must produce adequate documentation). The district court may reduce the number of hours if fee documentation is incomplete. *Id.* "The district court is not only required to determine whether the total hours claimed are reasonable, but also whether particular hours claimed were reasonably expended." *Id.* at 324. The fee applicants must prove that they exercised billing judgment, which requires "documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). If the court finds billing judgment lacking, the proper remedy is to reduce the award by a percentage "intended to substitute for the exercise of billing judgment." *Id.* (affirming a district court's ten percent reduction of the lodestar because the court found the fee applicant's time records vague and duplicative).

Honeywell is represented by Leonard, Street and Deinard (hereinafter "Leonard Street"). Partner Steven R. Lindemann submitted an affidavit stating that Leonard Street charged Honeywell $46,120.95 for defending this suit, as well as $5,696.54 for Westlaw services. Mr. Lindemann notes that Honeywell receives a ten percent discount on attorney's fees. According to the attached invoices, David Parry spent 107 hours, Mr. Lindemann spent 24.8 hours, and Ryan Stai spent 52.5 hours on Honeywell's defense, for a total of 184.3 hours. The bills are partially redacted because there were two parallel suits between BPSB and Honeywell, and Mr. Lindemann had to segregate his firm's fees for suit 07-1459 from the 05-1388 suit. Mr. Lindemann states that "[f]or days during which attorneys were performing tasks not related to defending Honeywell in

07-1459, I have deducted the unrelated time using my best judgment."

The Court must determine the reasonable hourly rate. Mr. Lindemann submitted that his time is billed at $360/hour, Mr. Parry's time is billed at $290/hour, and Mr. Stai's time is billed at $215/hour. Honeywell receives a ten percent discount on each of these rates. Because the attorneys are seeking their normal rate, with a ten percent discount for the attorneys at Leonard Street in accordance with what Honeywell is actually charged, this Court finds these rates are reasonable.

In this time period, Honeywell filed a Motion to Dismiss the Complaint, a Reply to the Motion to Dismiss the Complaint, and a Motion For Sanctions. The eight-page Motion to Dismiss memorandum recounts the procedural history in the parallel 2005 suit, and contains three pages of legal argument. The nine-page Reply memorandum largely recounts the 2005 suit's procedural history. The Motion For Sanctions memorandum is eight pages and contains both facts and legal analysis. Given that none of these filings is novel or complicated, the 2007 suit had very little activity, many of the entries appear duplicative, and Leonard Street had later to deduct unrelated time according to its best judgment due to work for the two parallel lawsuits being billed on the same statement, this Court shall reduce the amount of the Leonard Street fees by 33%. The lodestar amount for Leonard Street is thus $30,901.04. This reduction is intended to substitute for the exercise of billing judgment.

BPSB argues that this Court should not permit Leonard Street to recover fees for time expended before Mr. Lindemann and Mr. Parry filed their Motion to Appear pro hoc vice. This Court finds BPSB's argument unavailing, given that both attorneys had been defending Honeywell in the parallel 2005 litigation, both attorneys were admitted pro hoc vice in this case in

November 2007, and both attorneys documented that they worked on this suit prior to their pro hoc vice admission.

Honeywell also retained the Kean Miller law firm as local counsel. Jay M. Jalenak, Jr. submitted an affidavit on behalf of Kean Miller attesting to the amounts billed by his firm to defend Honeywell. Mr. Jalenak's time is billed at $265/hour. Mr. Jalenak expended approximately 27.8 hours defending this suit, and Honeywell incurred attorney's fees totaling $7,372.30 with Kean Miller. Upon careful review of Mr. Jalenak's hours and description of how those hours were expended, this Court finds that Mr. Jalenak's hours are reasonable, and his time was reasonably expended.

Lastly, the Court must consider the twelve factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). Based on these twelve factors, the court may adjust the lodestar amount up or down. The factors for consideration are:

> 1) the time and labor required for the litigation;
> 2) the novelty and complexity of the issues;
> 3) the skill required to properly litigate the issues;
> 4) whether the attorney had to refuse other work to litigate the case;
> 5) the attorney's customary fee;
> 6) whether the fee is fixed or contingent;
> 7) whether the client or case circumstances imposed any time constraints;
> 8) the amount involved and the results obtained;
> 9) the experience, reputation, and ability of the attorneys;
> 10) whether the case was "undesirable;"
> 11) the type of attorney-client relationship and whether that relationship was long-standing; and
> 12) awards made in similar cases.

*Id.* "The lodestar amount may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double

4

counting." Because this Court already considered the *Johnson* factors above–in particular, the novelty and complexity of the issues, and the time and labor required–it shall not revisit the factors. *Saizan*, 448 F.3d at 800.

The final matter before this court is whether to award defendant's costs. "Generally, costs are allowed as a matter of course to the prevailing party in an action." *In re New York Life Ins. Co. Agents' Class Claimants Solicitation Litigation*, 92 F. Supp.2d 564, 573 (E.D. La. 1997) (citing Fed. R. Civ. Proc. 54(d)). This Court finds that the $5,696.54 for Westlaw charges incurred by Leonard Street in defending Honeywell is reasonable; accordingly,

IT IS ORDERED that BPSB pay Honeywell $38,273.34 in attorney's fees;

IT IS FURTHER ORDERED that BPSB pay Honeywell $5,696.54 in costs.

Lake Charles, Louisiana, this __9__ day of __Sept__, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE